IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 2:13-cv-00065 |
| vs. | § | |
| | § | **JURY TRIAL DEMANDED** |
| ORACLE CORPORATION, ORACLE | § | |
| AMERICA, INC. | § | |
| | § | |
| Defendant | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff GEOTAG, INC. ("Plaintiff") files this Original Complaint against Defendant

ORACLE  CORPORATION, aka ORACLE AMERICA, INC. ("Oracle" OR "Defendant"), and

would respectfully show the Court as follows:

### I.   THE PARTIES

1.       Plaintiff is a Texas corporation with its principal place of business in Plano, Texas.

2.       Upon information and belief, Oracle is a Delaware corporation with its principal place

of business at 500 ORACLE PKWY, M/S 5OP7, REDWOOD SHORES CA 94065. Oracle may be

served with process through its registered agent CORPORATION SERVICE COMPANY WHICH

WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE,

2710 GATEWAY OAKS DR STE 150N, SACRAMENTO CA 95833.

### II.  JURISDICTION AND VENUE

3.       This is an action for infringement of a United States patent under 35 U.S.C. § 271 *et

seq.* and § 281.  This Court has exclusive jurisdiction of such action under 28 U.S.C. § 1338(a).

4.      Plaintiff is informed and believes, and thereon alleges, Defendant has committed acts of patent infringement alleged herein within the Marshall Division of the Eastern District Texas.

5.      Upon information and belief, Defendant has sufficient minimum contacts with the State of Texas and the Marshall Division of the Eastern District of Texas such that this Court has personal jurisdiction over Defendant and this is a fair and reasonable venue for the litigation of this action.  Defendant has committed such purposeful acts and/or transactions in Texas that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity. Upon information and belief, Defendant has transacted business, and at the time of the filing of this Complaint is transacting business, within the Marshall Division of the Eastern District of Texas.  For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

6.      Further, venue of this action is appropriate and convenient in the Marshall Division because this Court previously heard a parallel action for infringement of the same '474 Patent-in-suit, in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.*, Civil Action No. 2:06-CV-00475-CE, in the United States District Court for the Eastern District of Texas, Marshall Division ("the Geomas Lawsuit").  In the Geomas Lawsuit this Court considered and construed the terms and claims of the present Patent-In-Suit, as set forth in the Court's claim-construction (or *Markman*) Memorandum Opinion and Order issued on November 20, 2008.

7.      Further, venue of this action is appropriate and convenient in the Marshall Division because other cases asserting infringement of the '474 Patent are now before this Court. A list of the Eastern District of Texas cases is attached hereto as Exhibit B and incorporated herein by reference. In those cases one or more of the existing defendants have disclosed that the Defendant has

2

information relevant to determining infringement of the '474 Patent, or may be responsible to indemnify or defend the existing defendants regarding infringement of the '474 Patent.

## III.  PATENT INFRINGEMENT

8.      Plaintiff incorporates the above paragraphs herein by reference.

9.      On July 27, 1999, United States Patent No. 5,930,474 ("the '474 Patent") was duly and legally issued.  The '474 is titled "Internet Organizer for Accessing Geographically and Topically Based Information" and is directed to a software interface which organizes information based on the geographical area of the resources about which the information is desired.  A true and correct copy of the '474 Patent is attached hereto as Exhibit "A" and incorporated herein by reference.  Generally, the '474 Patent discloses systems and methods for integrating geographically organized data with topical data to help Internet users find information on the Internet quickly and efficiently.  The invention also allows a seller to make his goods or services available upon a user-search predicated on varying geographic levels (*e.g.,* city, state, longitude, latitude *etc.*).

10.     By assignment, GeoTag, Inc. is the owner of all right, title and interest of the '474 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '474 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '474 Patent by this Defendant.

11.     Upon information and belief, Defendant has manufactured, made, marketed, sold, and/or used computer networks, systems, products and/or services comprising all of the elements and limitations of one or more of the claims of the '474 Patent, but at least claim 1, and therefore Defendant has infringed one or more claims of the'474 Patent; and/or has induced and/or contributed to the infringement of one or more of the claims of the '474 Patent, but at least claim 1, by others.

3

12.     Defendant's infringing conduct is based, at least in part, on such Defendant's making, using, distributing, and/or selling or offering for sale, a system for providing geographical and topical information to Internet users in a manner disclosed and protected against infringement by one or more claims of the '474 Patent, but at least claim 1, either directly or indirectly through their customers website.

13.     On information and belief, since becoming aware of the '474 patent, Defendant has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claims 1, 20, 26 and 31 of the '474 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing Taleo Cloud Service for use by Defendant's customers.  Defendant is a direct and indirect infringer, and its customers using Taleo Cloud Service are direct infringers.

14.     <u>Direct Infringement:</u> More specifically, on information and belief, Defendant Oracle, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services directly infringing one or more claims of the '474 Patent, but at least claim 1,  including, but not limited to, those    of    its    Taleo    Cloud    Service.    As    exemplary    only,    see https://irecruitment.oracle.com/OA_HTML/OA.jsp?page=/oracle/apps/irc/candidateSelfService/web ui/VisHomePG&_ri=821&OAPB=IRC_BRAND&_ti=1998273712&language_code=US&p_home_ url=/OA_HTML/IrcVisitor.jsp&OASF=IRC_VIS_HOME_PAGE&OAHP=IRC_EXT_SITE_VISIT OR_APPL&oapc=2&oas=dcOdSkJinqsxfWx8UFHKHg,                                             and https://brinker.taleo.net/careersection/manager/jobsearch.ftl?lang=en&jobfield=4140492024.

15. <u>Inducing Infringement in Customers:</u> More specifically, on information and belief, Defendant Oracle, without authority, consent, right, or license, and has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services, including but not limited to, those of its Taleo Cloud Service, inducing infringement of one or more claims of the '474 Patent, but at least claim 1, in its customers such as Brinker International, Landry's, Academy Ltd., Western Union, Columbia Sportsware, and the Cheesecake Factory. Oracle has been on notice of the '474 Patent, yet has continued inducing infringement in at least the aforementioned Oracle customers, by continuing to provide the Taleo Cloud Service. On information and belief, since becoming aware of the '474 patent Defendant is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified Taleo Cloud Service to its customers and by aiding and abetting its use.  On information and belief, Defendant knew or should have known that through its acts it was and is inducing infringement of the '474 patent. As exemplary only,                                                                                                 see https://brinker.taleo.net/careersection/manager/jobsearch.ftl?lang=en&jobfield=4140492024.

16. <u>Contributory Infringement:</u> More specifically, on information and belief, Defendant Oracle, without authority, consent, right, or license, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services, including but not limited to, those of its Taleo Cloud Service, contributes to infringement of one or more claims of the '474 Patent, but at least claims 1, 20, 26 and 31, in its customers such as Brinker International, Landry's, Academy Ltd., Western Union, Columbia Sportsware, and the Cheesecake Factory. On information and belief, Defendant is and has been committing the act of contributory infringement by intending to provide the identified

Taleo Cloud Service to its customers knowing that they are a material part of the invention, knowing that its use was made and adapted for infringement of the '474 patent, and further knowing that the systems are not a staple article or commodity of commerce suitable for substantially noninfringing use. As exemplary only, see https://brinker.taleo.net/careersection/manager/jobsearch.ftl?lang=en&jobfield=4140492024.

17.    Plaintiff has been damaged as a result of Defendant's infringing conduct.  Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates for such Defendant's infringement, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18.    Upon information and belief, Defendant will continue its infringement of one or more claims of the '474 Patent unless enjoined by the Court.  Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

19.    On information and belief, prior to the filing of the complaint, Defendant's infringement was willful and continues to be willful.  On information and belief, prior to the filing of this Complaint, Defendant was aware of the '474 patent and knew or should have known that Defendant was infringing at least claim 1 of the '474 patent.  On information and belief, Defendant in its infringing activities acted as it did despite an objectively high likelihood that their actions constituted infringement of a valid patent.  The Defendant's infringing activities were intentional and willful in that the risk of infringement was known to Defendant or was so obvious that it should have been known to Defendant.

20.    On information and belief, Defendant has had at least constructive notice of the '474 patent by operation of law, and there are no marking requirements that have not been complied with.

## IV.  <u>JURY DEMAND</u>

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

## V.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against

Defendant, and that the Court grant Plaintiff the following relief:

a.   Judgment that one or more claims of United States Patent No. 5,930,474 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

b.   Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.   That Defendant's infringement be found to be willful from the time Defendants became aware of the infringing nature of its services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d.   That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.   That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f.   That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 5,930,474; and

g.   That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  January 30, 2013                    Respectfully submitted,


                                            <u>/s/ Craig Tadlock</u>
                                            By:   Craig Tadlock
                                                  Texas State Bar No. 00791766
                                                  Keith Smiley

Texas State Bar No. 24067869
Tadlock Law Firm
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Telephone: (903) 730-6789
e-mail: craig@tadlocklawfirm.com
      keith@tadlocklawfirm.com

David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail:  dbennett@directionip.com

Daniel Mount
Kevin Pasquinelli
Mount Spelman & Fingerman, PC
333 West San Carlos Street
Riverpark Tower, Suite 1650
San Jose, CA 95110
Telephone: (408) 279-7000
e-mail: dan@mount.com
      kpasquinelli@mount.com

**ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.**